**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BERTHA HERNANDEZ and WAYNE CATALANO, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-01242-ER |
| Plaintiffs, | |
| v. | |
| THE WONDERFUL COMPANY LLC and POM WONDERFUL LLC, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Dated: April 5, 2024

**SULTZER & LIPARI, PLLC**
Philip J. Furia
Jason P. Sultzer
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Telephone: 845-483-7100
furiap@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
Nick Suciu III*
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Gary Klinger*
221 West Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
Erin Ruben*
900 W. Morgan Street
Raleigh, NC 27603
Tel: 919-600-5000
eruben@milberg.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Russell Busch (6329500)
J. Hunter Bryson*
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
rbusch@milberg.com
hbryson@milberg.com


*Attorneys for Plaintiffs and the Proposed
Class*

## <u>TABLE OF CONTENTS</u>

Table of Contents…………………………………………………………………………..i

Table of Authorities………………………………………………………………ii-iv

INTRODUCTION………………………………………………………………...1

STANDARD OF REVIEW……………………………………………………………3

ARGUMENT…………………………………………………………...4

    I.    PLAINTIFFS HAVE STATED VALID CLAIMS UNDER GBL §§ 349 AND 350………………………………………………………………..4

        A.  A "reasonable consumer" analysis should not be performed at the pleading stage but, if performed, Defendants' omissions would deceive a reasonable consumer…………………………………………………………..4

        B.  Materiality is not a separate element to be pled under the GBL and Plaintiffs' allegations are sufficient……………………………………………..8

    II.    PLAINTIFFS' NEGLIGENCE PER SE CLAIM IS BASED ON VIOLATIONS OF STATUTES MEANT TO PROTECT CONSUMERS……………………………9

    III.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD NOT BE DISMISSED AT THIS TIME………………………………………………10

    IV.    PLAINTIFFS' COMPLAINT CONTAINS SUFFICIENT ALLEGATIONS TO MAINTAIN A CLAIM AGAINST THE WONDERFUL COMPANY LLC…..11

CONCLUSION…………………………………………………………..12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................................3

*Axon v. Citrus World, Inc.*,
    354 F. Supp. 3d 170 (E.D.N.Y. 2018) ................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................3

*Brady v. Anker Innovations Ltd.*,
    No. 18-cv-11396(NSR),
    2020 U.S. Dist. LEXIS 5672 (S.D.N.Y. Jan. 13, 2020)....................................................4

*Braynina v. TJX Cos., Inc.*,
    No. 15 Civ. 5897 (KPF),
    2016 WL 5374134 (S.D.N.Y. Sept. 26, 2016)....................................................................4

*Buonasera v. Honest Co., Inc.*,
    208 F. Supp. 3d 555 (S.D.N.Y. 2016).................................................................................5

*Casey v. Odwalla, Inc.*,
    338 F. Supp. 3d 284 (S.D.N.Y. 2018).................................................................................3

*Cooper v. Anheuser-Busch*,
    LLC, 553 F. Supp. 3d 83 (S.D.N.Y. 2021) .........................................................................8

*Daniel v. Mondelez Int'l, Inc.*,
    287 F. Supp. 3d 177 (E.D.N.Y. 2018) ................................................................................8

*Duran v. Henkel of Am., Inc.*,
    450 F. Supp. 3d 337 (S.D.N.Y. 2020).................................................................................5

*Ezagui v. Dow Chemical Corp.*,
    598 F.2d 727 (2d Cir. 1979)...............................................................................................9

*In re General Mills Glyphosate Litig.*,
    16 Civ. 2869, 2017 WL 2983877 (D. Minn. July 12, 2017)..............................................6

*Girardi v. Ferrari Express, Inc.*,
    No. 20-CV-4298 (VSB)20,
    2023 U.S. Dist. LEXIS 57114 (S.D.N.Y. Mar. 31, 2023) .................................................9

*Grossman v. Simply Nourish Pet Food Co. LLC*,
    516 F. Supp. 3d 261 (E.D.N.Y. 2021) ....................................................................4

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
    No. 18-cv-06664, 2020 WL 5910071 (N.D. Cal., October 6, 2020) ........................6

*Hidalgo v. Johnson & Johnson Consumer Companies, Inc.*,
    148 F. Supp. 3d 285 (S.D.N.Y. 2015)....................................................................5

*Holt v. Foodstate, Inc.*,
    No. 15cv78 L (JMA),
    2015 U.S. Dist. LEXIS 173403 (S.D. Cal. Dec. 31, 2015)................................7, 10

*McCracken v. Verisma Sys.*,
    No. 6:14-cv-06248(MAT),
    2017 U.S. Dist. LEXIS 73666 (W.D.N.Y. May 15, 2017)....................................10

*Mogull v. Pete and Gerry's Organics, LLC*,
    2022 U.S. Dist. LEXIS 35237 (S.D.N.Y. Feb. 28, 2022)........................................5

*In re MPM Silicones, L.L.C.*,
    596 B.R. 416 (S.D.N.Y. 2019)................................................................................3

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015)....................................................................................4

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995) .............................................................................................11

*Parks v. Ainsworth Pet Nutrition, LLC*,
    377 F. Supp. 3d 241 (S.D.N.Y. 2019).....................................................................6

*Petrosino v. Stearn's Prod., Inc.*,
    No. 16-cv-7735 (NSR),
    2018 U.S. Dist. LEXIS 55818 (S.D.N.Y. Mar. 30, 2018) .......................................4

*Richburg v. ConAgra Brands, Inc.*,
    2023 U.S. Dist. LEXIS 21137 (N.D. Ill. Feb. 8, 2023) ..........................................7

*Segedie v. Hain Celestial Grp., Inc.*,
    No. 14-cv-5029 (NSR),
    2015 U.S. Dist. LEXIS 60739 (S.D.N.Y. May 7, 2015)..........................................5

*Sita v. Danek Med.*,
    43 F. Supp. 2d 245 (E.D.N.Y. 1999) ......................................................................9

*Stuve v. Kraft Heinz Co.*,
    No. 21-CV-1845, 2023 U.S. Dist. LEXIS 6184 (N.D. Ill. Jan. 12, 2023) ..........7, 10

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. 2021)......................................................................8

*Warner v. StarKist Co.*,
    No. 1:18-cv-406,
    2019 U.S. Dist. LEXIS 48587 (N.D.N.Y. Mar. 25, 2019).....................................10

**Statutes**

21 C.F.R. § 101.100(a)(3)(iii) ...........................................................................7, 10

21 C.F.R. § 101.100(a)(3) and (a)(3)(iii) ................................................................10

21 U.S.C. § 342 ........................................................................................................2

21 U.S.C. §§ 342, 243 ..............................................................................................2

21 U.S.C. §§ 342 and 343 .........................................................................................9

21 U.S.C. § 343 ........................................................................................................2

FDCA...................................................................................................................9, 10

Federal Food, Drug & Cosmetic Act .......................................................................2

N.Y. Agric. & Mkts. Law § 199-a ...........................................................................9

New York General Business Law §§ 349 and 350 .....................................3, 4, 8, 10, 11

Rule 9(b) ...................................................................................................................4

Rule 12(b)(6)........................................................................................................3, 10

## INTRODUCTION

Plaintiffs Bertha Hernandez and Wayne Catalano respectfully submit this memorandum in opposition to the Motion to Dismiss (ECF No. 43, hereinafter "Motion" or "MTD") filed by Defendants The Wonderful Company LLC and Pom Wonderful LLC (collectively, "Defendants"), seeking dismissal of Plaintiffs' Second Amended Complaint (ECF No. 35, hereinafter "SAC").

This is a civil class action brought individually by Plaintiffs on behalf of consumers who purchased Defendants' POM Wonderful® 100% Pomegranate Juice drink (the "Product"). Plaintiffs allege that the Product is prominently labeled as being an "Antioxidant Superpower," "100% Pomegranate Juice" and "All Natural." SAC ¶ 5.  Yet, Plaintiffs' independent testing reveals that the Product contains per- and polyfluoroalkyl substances ("PFAS"), "a category of synthetic substances that are, by definition, artificial." *Id*. ¶ 2.  Most concerning, the Product contains PFOA, which is now a recognized carcinogen. *Id*. ¶ 46.

The danger of PFAS chemicals are well known. Current peer-reviewed scientific studies have shown that PFAS exposure is linked to fertility issues, developmental delays, increased risk of cancer, increased cholesterol and obesity, and reduced immune response. *Id*. ¶ 41. The Environmental Protection Agency (EPA) recently confirmed that the levels at which negative health effects could occur from PFAS exposure are much lower than previously understood, including <u>near zero</u> in some cases. *Id*. ¶ 60. There is currently no treatment to remove PFAS from the body, so the EPA recommends consumers limit exposure to protect their individual health, including by reducing exposure during daily activities.  *Id*. ¶¶ 48-49.

Nowhere on the Product's labels is PFAS listed as an ingredient, yet Plaintiffs' independent testing, which was conducted according to industry standards, has shown the presence of multiple PFAS substances in the Product. *Id*. ¶¶ 53-58. One test detected 2.5 part per trillion (ppt) of 1H,

1H, 2H, 2H-perfluorooctane sulfonic acid ("6:2FTS") and 6.5 ppt of Perfluoro-n-pentanoic acid ("PFPeA"). *Id.* ¶ 58. Another, performed on the product purchased by Plaintiff Catalano detected .192 part per trillion (ppt) of PFOA, which is FORTY EIGHT (48) times the lifetime advisory levels identified by the EPA. *Id* ¶¶ 55-57.

Defendants' uniform and pervasive marketing is intentionally designed to convince reasonable consumers that the Product is safe to drink daily and provides long lasting health benefits. *Id.* ¶ 28. The presence of toxic PFAS in the Product is entirely inconsistent with all of Defendants' marketing claims, including those appearing on the Product's front labels where they cannot be missed by consumers. Defendants are well-aware that consumers are increasingly demanding beverage options that support their wellness goals. In their own words, "Consumers are increasingly looking for healthier options, and POM Wonderful is proud to be the only legacy brand continuing to grow in the super premium juice category." *Id.* ¶ 66. Plaintiffs and other Class Members were injured as a result of Defendants' unlawful conduct when they bargained for a natural, safe and healthy drink and received a Product containing PFAS, which is unnatural by definition. *Id.*

In addition to Defendants' affirmative misrepresentations related to the Product, the presence of PFAS also renders it misbranded and adulterated under state and federal law, and therefore illegal to sell. The Product is "food" by definition, and is therefore subject to the Federal Food, Drug & Cosmetic Act ("FDCA"), which prohibits the sale of foods that are adulterated or misbranded. See 21 U.S.C. §§ 342, 243. Food is deemed "adulterated" if it "is composed, in whole or in part, of any filthy, putrid, or decomposed substance" or if it has been "held under insanitary conditions whereby it may have been rendered injurious to health." 21 U.S.C. § 342. Food is deemed "misbranded" if "its labeling is false or misleading in any particular." 21 U.S.C. § 343.

Plaintiffs and consumers unwittingly purchased the misbranded and adulterated Product, induced by Defendants' express representation that the Product was "natural." Plaintiffs and consumers at-large have been purchasing and using the Product for years, continually accumulating the PFAS "forever chemicals" in their bodies all the while. Throughout this time, Defendants profited by charging a price premium for the adulterated and misbranded Product. If Defendants had been truthful about the presence of PFAS in the Product, which renders it far from "natural," it could not have charged as much for the Product. Plaintiffs brought suit to hold Defendants accountable for this longstanding and ongoing harm to consumers.

Plaintiffs set forth causes of action for: violation of New York General Business Law ("GBL")§§ 349 and 350; negligence per se; and unjust enrichment.

For the reasons detailed herein, Defendants' Motion should be denied.

## STANDARD OF REVIEW

Under Rule 12(b)(6), when a defendant seeks to dismiss a complaint for failure to state a claim upon which relief can be granted, this Court has emphasized that it "must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor[.]" *In re MPM Silicones, L.L.C.,* 596 B.R. 416, 427 (S.D.N.Y. 2019); *see also Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 291 (S.D.N.Y. 2018). A complaint will survive a Rule 12(b)(6) motion so long as it articulates "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

3

## ARGUMENT

### I.    PLAINTIFFS HAVE STATED VALID CLAIMS UNDER GBL §§ 349 AND 350

To state a claim under New York General Business Law ("GBL") Section 349 or Section 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  An act is materially misleading if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Id.*  Moreover, "'claims under GBL Sections 349 and 350 'are not subject to the heightened pleading requirements of Rule 9(b).'"  *Brady v. Anker Innovations Ltd.*, No. 18-cv-11396(NSR), 2020 U.S. Dist. LEXIS 5672, at *22 (S.D.N.Y. Jan. 13, 2020)  (quoting *Braynina v. TJX Cos., Inc.*, No. 15 Civ. 5897 (KPF), 2016 WL 5374134, at *6 (S.D.N.Y. Sept. 26, 2016)).

Defendants' further arguments seeking dismissal of Plaintiffs' GBL claims fail for the reasons detailed herein.

### A.  A "reasonable consumer" analysis should not be performed at the pleading stage but, if performed, Defendants' omissions would deceive a reasonable consumer.

Defendants argue that "Plaintiffs have failed to set forth factual allegations showing that the presence of trace amounts of migratory PFAS renders Defendants' representations untrue or materially misleading."  Motion at pg. 5.  This is demonstrably false since the Product claims to be "All Natural," yet contains harmful, synthetic PFAS chemicals.    Courts have consistently determined that "[i]t is not unreasonable as a matter of law for a consumer to expect that a product labeled 'natural' to contain only natural, and not synthetic ingredients."  *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 279-80 (E.D.N.Y. 2021) (emphasis added); see also *Petrosino v. Stearn's Prod., Inc.*, No. 16-cv-7735 (NSR), 2018 U.S. Dist. LEXIS 55818 at *7

(S.D.N.Y. Mar. 30, 2018) ("[A] reasonable consumer acting reasonably very well could be misled because they could conclude that the 'natural' label on the cosmetics means that they are made with all natural products"); *Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 U.S. Dist. LEXIS 60739, at *29 (S.D.N.Y. May 7, 2015)  ("It is not unreasonable as a matter of law to expect that a product labeled "natural" or "all natural" contains only natural ingredients.).

Moreover, even if the case law did not fall so clearly in Plaintiffs' favor, Defendants' argument runs afoul of the principle that a reasonable consumer analysis should not take place at the pleading stage. "While it is possible for a court to decide this question as a matter of law, this inquiry is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020) (citation omitted).  Indeed, the vast majority of courts to have considered this issue have agreed to defer resolution of this question beyond the pleading stage.  *See Buonasera v. Honest Co., Inc*., 208 F. Supp. 3d 555, 566 (S.D.N.Y. 2016) ("Courts have generally held that since this second factor requires a reasonableness analysis, it cannot be resolved on a motion to dismiss."); *Segedie*, 2015 U.S. Dist. LEXIS 60739, at *12 ("Whether the labels would mislead a reasonable consumer is a question of fact for the jury."); *Hidalgo v. Johnson & Johnson Consumer Companies, Inc*., 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015) ("A court may make [the reasonable consumer determination] as a matter of law, although usually such a determination is a question of fact.").  "Consequently, '[d]ismissal [at the motion to dismiss stage] is warranted only in a rare situation where it is impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived.'" *Mogull v. Pete and Gerry's Organics, LLC*, 2022 U.S. Dist. LEXIS 35237 at *3 (S.D.N.Y. Feb. 28, 2022).

Defendants argue that Plaintiffs have not identified an affirmative misrepresentation capable of deceiving a reasonable consumer because "nothing about the challenged representations

promises the absolute absence of PFAS, which are not an ingredient, and which are recognized to be ubiquitous microcontaminants in our food and environment."  Motion at pg. 6.  This argument defies logic.  As Judge Brodie explained in the lead contamination case *Sitt v. Nature's Bounty, Inc.,* "[a]lthough a consumer reading the nutrition label may note that the Product contains other ingredients besides [those listed], a consumer could nevertheless reasonably conclude that the Product does not contain lead, as the lead content — even if minimal — is not disclosed to consumers."  No. 15-CV-4199 (MKB), 2016 U.S. Dist. LEXIS 131564, at \*38 (E.D.N.Y. Sep. 26, 2016).

Defendants further rely on a line of factually and legally distinguishable cases in which courts found it was not reasonable for a consumer to claim a product was deceptively advertised as natural when the product contained trace amounts of synthetic herbicides and/or pesticides that incidentally contaminated ingredients during the growing process. *See Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170 (E.D.N.Y. 2018); *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 247 (S.D.N.Y. 2019); *In re General Mills Glyphosate Litig.*, 16 Civ. 2869, 2017 WL 2983877, at \*5 (D. Minn. July 12, 2017); *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, No. 18-cv-06664, 2020 WL 5910071 at \*4 (N.D. Cal., October 6, 2020). While the pesticides at issue in those cases were undeniably linked to agricultural processes, the source of PFAS in Defendants' Product is a question of fact that necessitates further discovery. Furthermore, unlike the substances at issue in *Axon*, *Parks, General Mills*, and *Hawyuan Yu*, PFAS was not present in the Product in "accidental and innocuous" amounts. As the court recognized in *Axon*, it would be "*far more misleading* to call a product 'natural' when the defendant have introduced unnatural ingredients than it is to call a product 'natural' when it contains trace amounts of a commonly used pesticide introduced early in the production process."  354 F.Supp.3d at 183.

Here, Plaintiffs contend that the amount of PFAS in the Product is significant and not a "trace amount." Reasonable consumers understand that pesticides are commonly used in the production of agricultural products, but reasonable consumers would *not* expect forever chemicals such as PFAS—which serve no functional purpose in agricultural production-- to be present in a natural juice drink.[1] It is certainly plausible that a reasonable consumer would want to know that a product being purchased contains a significant quantity of a harmful synthetic substance such as PFAS chemicals.

Defendants also contend that *Richburg v. ConAgra Brands, Inc.*, 2023 U.S. Dist. LEXIS 21137 (N.D. Ill. Feb. 8, 2023), is instructive. In that case, the Court dismissed plaintiff's claim that the defendant engaged in deceptive practices by failing to list PFAS as an ingredient in its popcorn product. The court's decision in *Richburg* was based on a determination that the FDA "exempts '[s]ubstances migrating to food from equipment or packaging' from compliance with this regulation, meaning that they do not need to be included in the ingredient list." *Id.* at * 22. Yet, that exemption only applies where inadvertently added substances are present at "insignificant levels." 21 C.F.R. § 101.100(a)(3)(iii). Here, Plaintiffs specifically contend that the levels of PFAS present in the Product are significant by any reasonable measure. At worst, the determination of whether the levels of PFAS in the Product are "significant" is a question of fact which cannot be determined at the pleading stage. *See Stuve v. Kraft Heinz Co.,* No. 21-CV-1845, 2023 U.S. Dist. LEXIS 6184, at *20 (N.D. Ill. Jan. 12, 2023) ("whether phthalates are present only at an "insignificant level" is a question of fact, yet to be resolved."); *Holt v. Foodstate, Inc.,* No. 15cv78 L (JMA), 2015 U.S. Dist. LEXIS 173403, at *11 (S.D. Cal. Dec. 31, 2015) ("whether these

---

[1] In addition, Defendants overlook the fact that PFAS contamination is completely avoidable and that PFAS can be removed from a product by a manufacturer. Indeed, many food purveyors and manufacturers have committed to eliminating PFAS in their products. *See*: https://toxicfreefuture.org/mind-the-store/retailers-committing-to-phase-out-pfas-as-a-class-in-food-packaging-and-products/

additives are present in insignificant levels is a question of fact, not suited for dismissal at a preliminary stage in the proceeding."). Accordingly, *Richburg* is completely distinguishable.

Accordingly, Defendants have not demonstrated that Plaintiffs' GBL claims should be dismissed, and the Motion should be denied.

### B. Materiality is not a separate element to be pled under the GBL and Plaintiffs' allegations are sufficient.

Next, Defendants contend that Plaintiffs failed to plausibly allege "materiality." Motion at pg. 9. However, a plaintiff is not required to separately plead "materiality" to state a GBL claim. The second element of a GBL claim requires a plaintiff to plead the existence of "a *material* misrepresentation is one that is 'likely to mislead a reasonable consumer acting reasonably *under the circumstances.*'" *Cooper v. Anheuser-Busch*, LLC, 553 F. Supp. 3d 83, 108 (S.D.N.Y. 2021) (quoting *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 189 (E.D.N.Y. 2018)). "In other words, the materiality requirement is incorporated in the legal standard courts use when evaluating whether plaintiffs have adequately pled the second element of a deceptive labeling claim." *Id*. "It does not form some quasi-distinct element that plaintiffs must separately satisfy." *Id*. All that is required is that Plaintiffs have "'plausibly allege[d] that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled' by the Products." *Id*. (quoting *Twohig v. Shop-Rite Supermarkets, Inc*., 519 F. Supp. 3d 154 (S.D.N.Y. 2021)). As detailed in Point II(A.), above, it would not be unreasonable for a consumer to expect a product marketed as being natural to contain only natural and not harmful synthetic ingredients.

Moreover, Defendants' contention that there are only "trace" amounts of PFAS in the Product is wholly unfounded and inappropriate. The Complaint is replete with information concerning the harmful nature of PFAS, including the fact that PFOA is now a recognized

carcinogen.  It is not for this Court to decide whether or not the amount of PFAS in the Product is "significant" or "trace" as "[c]redibility assessments and weighing of evidence is not appropriate on a motion to dismiss at this stage of the litigation."  *Girardi v. Ferrari Express, Inc.*, No. 20-CV-4298 (VSB)20, 2023 U.S. Dist. LEXIS 57114, at *15 (S.D.N.Y. Mar. 31, 2023).  According, Plaintiffs have satisfied their pleading burden.

## II.    PLAINTIFFS' NEGLIGENCE PER SE CLAIM IS BASED ON VIOLATIONS OF STATUTES MEANT TO PROTECT CONSUMERS

Defendants next assert that Plaintiffs' negligence per se claim fails because they have not alleged violations of  an underlying statute.  Motion at pg. 12.  This is plainly false as Plaintiffs have alleged that the Product is adulterated and misbranded in violation of both N.Y. Agric. & Mkts. Law § 199-a and 21 U.S.C. §§ 342 and 343.  The validity of this claim is undisputed and unimpeachable as "the Court of Appeals for the Second Circuit has expressly recognized that a private cause of action for per se negligence arises under New York State law upon violation of the FDCA." *Sita v. Danek Med*., 43 F. Supp. 2d 245, 262 (E.D.N.Y. 1999) (citing *Ezagui v. Dow Chemical Corp*., 598 F.2d 727, 733 (2d Cir. 1979)).  Defendants argue that even though Plaintiffs' attempt to allege violations of these statutes, they fell short in their pleadings.  As detailed herein, the SAC contains more than enough detail to allege that the Product is both adulterated and misbranded.

According to Defendants, "Plaintiffs have not alleged that they were injured by the Products, or that consumers face a 'reasonable possibly of injury' given that Plaintiffs have failed to allege even a plausible *risk* of harm."  Motion at pg. 12.  This position blatantly ignores the myriad citations within the SAC demonstrating the potential harms attributed to PFAS (*see e.g.,* SAC at ¶¶ 36-49) and, most notably, the fact that Plaintiffs' independent testing detected PFOA in the Product – *a known carcinogen* (SAC at ¶¶ 55-57).  It should go without saying that the inclusion

9

of a known carcinogen "may render" a Product injurious to health. Defendants' argument to the contrary stretches the boundaries of good-faith advocacy.

As for the question of whether the Product is misbranded, Defendants reiterate the same baseless arguments they raised seeking dismissal of the GBL claims and double-down on their contention that the FDCA section on misbranding "is subject to the exemption set forth under 21 C.F.R. § 101.100(a)(3)(iii)." Motion at pp. 12-13. Defendants' argument is flawed for two main reasons. First, Defendants assume, without admissible proof, that PFAS in the Product was added "incidentally." Plaintiffs do not profess to know exactly how these significant amounts of PFAS came to be present in Defendants' products. Though Defendants infer that the PFAS in their Products materialized incidentally, these unfounded assertions are not to be accepted as true at the pleading stage, and a "a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact." *Roth*, 489 F.3d at 509.

Moreover, even if Defendants are correct, as explained above, incidental food additives are only exempt from traditional labeling requirements if they are present "at insignificant levels" and are "used in conformity with regulations. . . ." 21 C.F.R. § 101.100(a)(3) and (a)(3)(iii). Questions of fact remain regarding (a) whether PFAS are present "at insignificant levels" in Defendants' products; and (b) whether PFAS were "used in conformity with regulations." *See Stuve*, 2023 U.S. Dist. LEXIS 6184, at *20; *Holt*, 2015 U.S. Dist. LEXIS 173403, at *11.

### III.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD NOT BE DISMISSED AT THIS TIME.

Defendants next contend that Plaintiffs' unjust enrichment claim should be dismissed as "derivative and duplicative of their GBL claims." Motion at pg. 11. This is not so. "The elements for an unjust enrichment claim are distinct from the elements for GBL claims under §§ 349 and 350." *Warner v. StarKist Co*., No. 1:18-cv-406 (GLS/ATB), 2019 U.S. Dist. LEXIS 48587, at *7

(N.D.N.Y. Mar. 25, 2019). "In contrast to a claim for unjust enrichment, a claim for violating NYGBL § 349 requires '[p]roof that [a] defendant's acts are directed to consumers[.]'" *McCracken v. Verisma Sys.*, No. 6:14-cv-06248(MAT), 2017 U.S. Dist. LEXIS 73666, at *22 (W.D.N.Y. May 15, 2017) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (1995). "Thus, a reasonable trier of fact could find the elements unjust enrichment without establishing all the elements for Plaintiffs' NYGBL § 349 claim." *Id.*

Based on the foregoing, this Court should not deem Plaintiffs' unjust enrichment claim to be impermissibly duplicative. Instead, Defendants' motion should be denied.

## IV. PLAINTIFFS' COMPLAINT CONTAINS SUFFICIENT ALLEGATIONS TO MAINTAIN A CLAIM AGAINST THE WONDERFUL COMPANY LLC.

Defendants also seek dismissal of claims against Defendant The Wonderful Company LLC by arguing that Plaintiffs "fail to allege any substantive allegations to support liability against The Wonderful Company LLC, separate and apart from POM Wonderful LLC." Motion at pg. 13. This is a case of selective reading by Defendants. As detailed above, Plaintiffs point to The Wonderful Company LLC's own website where it explains how, with regard to the Product, it "obsessively review[s] every step of the production process" and "designed [its] own proprietary pressing equipment in order to extract maximum flavor and nutrients." SAC ¶ 63. The Wonderful Company LLC goes on to "guarantee pomegranate perfection in each bottle." *Id.* This is not a simple case of a plaintiff attempting to use the acts of a subsidiary to hold a parent liable. Plaintiffs' claims are alleged directly against both defendants and, at the pleading stage, this is sufficient to keep The Wonderful Company LLC in this case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety.


Dated: April 5, 2024

                          Respectfully submitted,

                          **SULTZER & LIPARI, PLLC**

By:    */s/ Philip J. Furia*
                          Philip J. Furia
                          Jason P. Sultzer
                          85 Civic Center Plaza, Suite 200
                          Poughkeepsie, NY 12601
                          Telephone: 845-483-7100
                          furiap@thesultzerlawgroup.com
                          sultzerj@thesultzerlawgroup.com

                          **MILBERG COLEMAN BRYSON**
                          **PHILLIPS GROSSMAN PLLC**
                          Nick Suciu III*
                          6905 Telegraph Rd., Suite 115
                          Bloomfield Hills, MI 48301
                          Tel: (313) 303-3472
                          nsuciu@milberg.com

                          **MILBERG COLEMAN BRYSON**
                          **PHILLIPS GROSSMAN, PLLC**
                          Gary Klinger*
                          221 West Monroe Street, Suite 2100
                          Chicago, IL 60606
                          Tel: (866) 252-0878
                           gklinger@milberg.com

                          **MILBERG COLEMAN BRYSON**
                          **PHILLIPS GROSSMAN PLLC**
                          Erin Ruben*
                          900 W. Morgan Street
                          Raleigh, NC 27603
                          Tel: 919-600-5000
                          eruben@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Russell Busch (6329500)
J. Hunter Bryson*
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
rbusch@milberg.com
hbryson@milberg.com

*Attorneys for Plaintiffs and the Proposed Class*